UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION AND AMERICAN CIVIL LIBERTIES UNION FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, AND DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | Civil Action No. 24-cv-5722 (JSR) |

# Exhibit O

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Civil Action No. 24-5722 (JSR) |

**DECLARATION OF KATHLEENE MOLEN**

I, Kathleene Molen, declare as follows:

1. I am an Associate General Counsel in the Office of General Counsel, U.S. Marshals Service ("USMS"), U.S. Department of Justice, assigned to USMS's Headquarters in Arlington, VA. I am a Freedom of Information Act ("FOIA") information disclosure attorney and work directly with the USMS's FOIA/Privacy Act Officer. I have been working with the USMS in this capacity since November 2021. Prior to joining the USMS, I was an Assistant United States Attorney in the United States Attorney's Office for the District of Columbia where I handled FOIA and immigration cases. I am familiar with the procedures for responding to requests submitted to the USMS pursuant to the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, for information maintained by the USMS.

2. I submit this declaration in support of the Federal Bureau of Investigation's ("FBI") Motion for Summary Judgment.

1

3. To prepare this declaration I reviewed the documents that the FBI sent to the USMS as a consultation.

4. By letter dated March 27, 2025, the FBI, while reviewing records responsive to a FOIA request which is the subject of this litigation, found a document containing USMS equities and sent a consult of 47 pages to the USMS. The USMS assigned tracking number 2025-USMSCON-000039 to this consult.

5. On March 28, 2025, the USMS returned the 47-page consult to the FBI. The USMS applied redactions on two (2) pages pursuant to FOIA Exemption 7(E) – FBI Bates stamped "24-cv-5722-288" and "24-cv-5722-289".

### FOIA EXEMPTIONS ASSERTED BY THE USMS

6. As stated above, the USMS reviewed a consultation from the FBI and redacted certain information pursuant to FOIA Exemption 7(E) on two (2) pages. The application of this FOIA Exemption on the pages at issue is discussed in detail below.

### FOIA Exemption 7 Threshold

7. The USMS is a law enforcement agency within the Department of Justice. The mission of the USMS is to provide federal judicial security; apprehend fugitives and non-compliant sex offenders; secure and transport federal prisoners from arrest to incarceration; execute federal court orders; seize and manage assets acquired through illegal means; assure the safety of endangered government witnesses and their families. *See* 28 U.S.C. § 566 (Powers and Duties); 18 U.S.C. § 4086 (Temporary safe-keeping of federal offenders by marshals); 34 U.S.C. § 41503 (Fugitive Apprehension Task Forces); 28 C.F.R. § 0.111 (General Functions); Fed. R. Crim. P. 4

(Arrest Warrant or Summons on a Complaint). The record at issue contains USMS equities and information pertaining to the "Deputation Program" of law enforcement officers. These records therefore meet the threshold requirements of FOIA Exemption (b)(7), namely that the records be compiled for law enforcement purposes.

### FOIA Exemption 7(E)

8. FOIA Exemption (b)(7)(E) exempts from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law. Out of the 47 pages reviewed, the USMS withheld information on two (2) pages pursuant to FOIA Exemption 7(E) - FBI Bates stamped "24-cv-5722-288" and "24-cv-5722-289." The USMS withheld internal procedures and requirements pertaining to the submission of forms related to the application for deputation of task force officers ("TFO"). More specifically, on page "24-cv-5722-288" the USMS withheld the type of information that must be included on Form USM-3A, and on page "24-cv-5722-289" the USMS withheld information pertaining to who and how the Form USM-3A can be signed and what a TFO must carry after deputation. Although these pieces of information might not compromise the deputation program, pieces of information can be assembled to provide a framework to determine how the applications for deputation are administered, which in turn could undermine this process. Accordingly, the USMS correctly applied FOIA Exemption 7(E) to withhold these discrete pieces of information.

### SEGREGABILITY

9. FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5

3

U.S.C. § 552(b). A line-by-line review was conducted to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied. USMS released all reasonably segregable, non-exempt information contained within the records at issue.

## FORESEEABLE HARM STANDARD

In making its determinations, the USMS considered the foreseeable harm standard when reviewing responsive records and applying the FOIA exemptions and maintains, for the reasons set forth above, that disclosure would reasonably harm an interest protected by an exemption.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the statements made in the foregoing declaration are true and correct to the best of my knowledge and information.

_____
Kathleene Molen
Associate General Counsel
Office of General Counsel – USMS

Executed on April 2, 2025.