UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION AND
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

    Plaintiffs,

              v.              Civil Action No. 24-cv-5722 (JSR)

DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION, AND
DEPARTMENT OF HOMELAND SECURITY,

    Defendants.

# Exhibit P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION & AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-5722 (TJK) |

## DECLARATION OF CHRISTIAN ESTEVES

Pursuant to 28 U.S.C. § 1746, I, Christian Esteves, hereby declare as follows:

1. I am the Chief of the Sensitive Security Information (SSI) Program within the Security and Administrative Services office of the Transportation Security Administration (TSA). My duty station is the TSA headquarters in Springfield, Virginia.

2. Pursuant to 49 U.S.C. § 114(r), the Administrator of TSA is vested with the authority to determine what information constitutes SSI and to prohibit its disclosure. That authority has been delegated from the Administrator to the Chief of the SSI Program pursuant to a TSA Management Directive signed by the Administrator on November 4, 2015. The SSI Program serves as the primary point of contact for issues involving SSI for all TSA program offices, the Department of Homeland Security (DHS) Office of Security, all other DHS component agencies, as well as transportation security stakeholders and other Federal agencies such as the Federal Bureau of Investigation (FBI).

3. The SSI Program conducts assessments and reviews of documents and other records referred to it to determine whether information contained therein is SSI in accordance with 49 C.F.R. part 1520. SSI Program procedures contemplate the public release of as much information

1

as possible without compromising transportation security and require redaction of the smallest possible portion of the record necessary to protect SSI. Upon a determination that any record contains SSI, the SSI Program works to ensure that all such records are appropriately marked and stored at all times and are properly redacted prior to release to non-covered parties. The prohibition on public release of SSI is not discretionary; it is mandatory under 49 C.F.R. § 1520.15(a) and this prohibition applies to any individual authorized to possess SSI, 49 C.F.R. § 1520.9(a). The SSI Program also determines whether specific information should no longer be protected as SSI in accordance with 49 C.F.R. § 1520.5(c).

4. In the course of performing my official duties as Chief, I supervise and approve the SSI Program's review of records that have been identified as responsive to FOIA requests received by TSA and other DHS component agencies, as well as requests of TSA's FOIA Branch by non-DHS agencies that seek TSA's input on TSA information contained in the other agency's records. The SSI Program is responsible for reviewing such records to identify SSI.

5. This Declaration is based on personal knowledge and information gained in my official capacity as Chief of the SSI Program.[1] This Declaration is limited to addressing redactions under Exemption (b)(3) on one (1) of two (2) pages that the Federal Bureau of Investigation (FBI) submitted to TSA's FOIA Branch for a consultation regarding TSA information contained in those two pages that were otherwise subject to a FOIA requestion submitted to FBI. TSA's FOIA Office designated FBI's request with the reference number 2025-TSLC-00005.

6. Pursuant to a request from CBP, I reviewed two (2) pages that reflect an email exchange within FBI that originated from TSA. The TSA email that originated this email string was sent by

---

[1] This Declaration does not include SSI and rather only includes information appropriate for public release.

2

John Valdes from a TSA email address and reflected advice from within TSA regarding possible protest activity at airports. That TSA email concluded with two recommended mitigation measures to take should protests occur at certain locations.

7. Exemption 3 of FOIA allows the withholding of information, "specifically exempted from disclosure by statute . . ., if that statute – (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld[.]"

8. Pursuant to 49 U.S.C. § 114(r) and implementing regulations found at 49 C.F.R. part 1520, information designated as SSI is exempt from disclosure under FOIA Exemption 3 if TSA determines that disclosure would "(A) be an unwarranted invasion of personal privacy; (B) reveal a trade secret or privileged or confidential commercial or financial information; or (C) be detrimental to the security of transportation." 49 U.S.C. § 114(r)(1). TSA's determinations as to what constitutes SSI are exclusively reviewable by the United States Courts of Appeals under 49 U.S.C. § 46110.

9. I personally reviewed the two-page record provided by FBI to determine whether it contains SSI. I have concluded that the information regarding recommended mitigation measures towards the end of the second page – and redacted on that page with the annotation "(b)(3)" - constitutes SSI that is properly withheld from the responsive record pursuant to Exemption 3 under 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.5(b)(8)(i). The latter provision expressly designates as SSI "[s]ecurity measures or protocols recommended by the Federal government."

10. I have also determined that the SSI Program procedures that call for the public release of as much information as possible without compromising transportation security and require

3

redaction of the smallest possible portion of the record necessary to protect SSI were followed and that the "(b)(3)" redactions in that page were necessary to protect SSI.

11. Because the redacted information is SSI, it may not be publicly disclosed under 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a). I have also determined that release of this information would be detrimental to the security of transportation.

12. Specifically, the redactions on the page in question addresses certain measures to take should violent protests occur at certain airport locations. Disclosing these measures in a FOIA would compromise the utility and effectiveness of these mitigation measures, as those bent of malfeasance could incorporate those measures into their planning.

13. Accordingly, I notified TSA's FOIA Branch that the information in discussed above in the record that was the subject of FBI's consultation request, which TSA's FOIA Branch designated as 2025-TSLC-00005, cannot be publicly disclosed and was appropriately redacted as SSI from the document in question.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED:   April 14, 2025
         Springfield, Virginia

CHRISTIAN P ESTEVES
Digitally signed by CHRISTIAN P ESTEVES
Date: 2025.04.14 11:00:50 -04'00'

CHRISTIAN ESTEVES
Chief, SSI Program
Security and Administrative Services Office
Transportation Security Administration
U.S. Department of Homeland Security